IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANJU MANI, and | § |
| | § |
| ISAAC STINSON, by and through his | § |
| Legal guardian, Jim Stinson, | § |
| | § |
| Plaintiffs, | § |
| | § CIVIL ACTION NO. 4:17-cv-1547 |
| v. | § |
| | § JUDGE: |
| WILLOW MEADOWS CIVIC CLUB, INC. | § |
| | § |
| Defendant. | § |

**ORIGINAL COMPLAINT**

**I.     INTRODUCTION**

Manju Mani and Isaac Stinson, by and through his legal guardian Jim Stinson, as Plaintiffs, bring this action for declaratory and injunctive relief, monetary damages, and attorney's fees and court costs against the Willow Meadows Civic Club, Inc., under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA"). Mr. Stinson is a qualified person with a disability under the FHA[1] and a resident of the group home operated by Ms. Angel Phynon. Mr. Stinson lives at the group home as a renter who pays such rent to Ms. Phynon. Ms. Phynon pays rent to Dr. Mani, who owns the home. Dr. Mani does not live at the home. Mr. Stinson receives support services that help assist and alleviate the impact of his disability so that he can reside in the community. The group home is located within the

---

[1] The FHA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This Complaint uses the term "disability," which is more generally accepted.

homeowners association operated by Defendant. Defendant discriminated and continues to discriminate against the group home by trying to shut down the home based on impermissible discriminatory purposes that have created disparate treatment or impact on Mr. Stinson based on his disability. Additionally, Defendant denied reasonable accommodation requests made by Mr. Stinson to Defendant for it to waive its restrictive covenants and/or conditions so that Mr. Stinson could have an equal opportunity to remain in the community as any other single-family dwelling. These actions and inactions by the Defendant violated Manju Mani and Mr. Stinson's rights under the FHA.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and may grant the relief sought herein pursuant to 42 U.S.C. § 3613(a).

2. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims alleged herein occurred in this district in Houston, Texas located in Harris County.

## III. PARTIES

3. Manju Mani is a Plaintiff in this matter. Dr. Mani owns the home located at 9918 Cliffwood Dr., Houston, TX 77096 (hereinafter "Cliffwood home").

4. Isaac Stinson is a Plaintiff in this matter. Mr. Stinson is a person with a mental disability who resides in the Cliffwood home, the home owned by Manju Mani. He brings this action through his legal guardian, Jim Stinson.

5. Defendant is the Willow Meadows Civic Club, Inc., ("Defendant"), allegedly a Texas nonprofit organization organized under the State of Texas. Defendant can be served through its registered agent Cy Sanders at 12705 S Kirkwood #209 Stafford, TX 77477.

## IV. FACTS

6. Manju Mani owns the Cliffwood home. Dr. Mani is a member of Defendant's homeowner's association.

7. Dr. Mani leases the home to Angel Phynon. Ms. Phynon is a licensed vocational nurse who operates the small group home to provide permanent supportive housing to individuals with disabilities in the community.

8. Mr. Stinson is listed on the lease as an occupant of the Cliffwood home. The lease began in November of 2015 and was renewed in October of 2016. Mr. Stinson continues to live at the Cliffwood home.

9. Mr. Stinson's ability to self-care, work, and sleep are substantially limited by his disability.

10. Mr. Stinson receives support services at the home from Angel Phynon. These support services help Mr. Stinson with his disability. For example, Ms. Phynon and her staff cook, clean, do laundry, dispense prescribed medication, and provide transportation to medical appointments for Mr. Stinson.

11. According to the "Amended Declaration of Covenants, Conditions and Restrictions" for Defendant, "[a]ny business, commercial or professional activity on any lot or in any building thereon…is prohibited." Additionally, Defendant has a covenant that prohibits "noxious or offensive trade or activity…nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood". Defendant has a restriction that prohibits any "activity…that disturbs the residential quality…or presents a risk to the health or safety of the members of the…subdivision…the subdivision community or the general public." Further, Defendant has a covenant that states that "[a]ll dwellings shall be for single family residential use"

and that "[n]o dwelling shall be used as a boarding house, dormitory, or any other form of multi-family dwelling."

12. In May of 2016, Dr. Mani received a First Notice of Violation notice from Defendant that stated that Dr. Mani needed to "bring [his] property into compliance within thirty (30) days or the matter will be referred to the Willow Meadows Civic Club Board for further action." The violation cited to the "Single-Family Dwelling" provision of the Deed restrictions but did not allege what Defendant thought was occurring in the home. Dr. Mani communicated to a member of Defendant's Deed Restriction Committee, Tina Myers, that the persons living in the home were persons with disabilities. Dr. Mani communicated with Ms. Myers until August of 2016.

13. After receiving the May 2016 Notice of Violation, Dr. Mani spoke with the owner of the home at 9922 Cliffwood Dr., Houston, TX 77096. The owner stated that the persons that lived at the 9918 Cliffwood home did not look "normal". The owner of the 9922 Cliffwood home stated that he did not need to be a detective to figure out that something "shady" was occurring.

14. In November of 2016, Dr. Mani received another letter from Defendant through its attorney, Sarah B. Gerdes of Sears Bennet Gerdes LLP. Through Ms. Gerdes, Defendant alleged that Dr. Mani was in violation of "the Conditions, Covenants, and Restrictions" of the Defendant's association because of the "improper commercial use of the Property." Defendant instructed Dr. Mani to immediately cease and desist running a business and causing a nuisance. Dr. Mani did not acquiesce to the pressure of these demands and took no action to ensure he was not discriminating against Mr. Stinson.

15. On or about November of 2016, Ms. Angel Phynon filed a complaint with the Department of Housing and Urban Development (hereinafter "HUD") alleging discrimination in

housing concerning the Cliffwood group home. HUD forwarded the complaint to Texas Workforce Commission. Defendant was notified of the complaint alleging discrimination in housing.

16. On December 13, 2016, Dr. Mani attended Defendant's General Home Owner's Association Meeting to discuss the situation with the rest of community. Mr. Steven Paletz, the Defendant's then President, dismissed Dr. Mani's request and stated that he would not discuss the matter as the time to hold such discussions was over and because an attorney had been retained regarding the matter. Near the end of the meeting, the neighbor residing at 9914 Cliffwood Dr., Houston, TX 77096 asked what Defendant was doing about the problems at the Cliffwood home. The homeowner at 9914 Cliffwood Dr. also wanted to address Dr. Mani and find out why he would let "these kind of people" rent the home. The owner of the 9914 Cliffwood home stated that she was scared to come out of her home because "these people look scary."

17. In March of 2017, Dr. Mani received a letter from Defendant through its attorney, Sarah B. Gerdes of Sears Bennet Gerdes LLP. Through Ms. Gerdes, Defendant alleged that Dr. Mani was in violation of "the Conditions, Covenants, and Restrictions" of the association because "[t]he business and its occupants are a nuisance to the subdivision…" Defendant again instructed Dr. Mani to immediately cease and desist causing a nuisance and operating a business.

18. On April 4, 2017, Ms. Phynon sent a letter to Defendant through its President, Ms. Laura Mitzner, requesting a reasonable accommodation on behalf of herself and the residents to Defendant's deed restrictions. The letter stressed that their accommodation was necessary for them to use and enjoy the home. The letter also requested a response within ten (10) days. Defendant did not respond.

19. Upon information and belief, on May 9, 2017, Defendant's Board of Directors met. Present at this meeting were Tina Myers, Heather Deiss, Howard Lindsay, Jeff Peters, Steven Paletz, Laura Mitzner, Bill Cook, and Stephen Polnaszek. At this meeting, the Board moved to convene an Executive Session and then voted to hire the firm Roberts Markel Weinberg Butler Hailey to handle legal issues for Defendant. Instead of responding to Plaintiff's April 4, 2017 accommodation request, Steven Paletz, a member of Defendant's board, moved to file a lawsuit against a homeowner in the 9900 block of Cliffwood. Defendant's Board approved the Motion. At the meeting, it was noted that Defendant's attorney recommended suing the homeowner.

20. Disability Rights Texas ("DRTx")[2] sent a letter on behalf of residents of the Cliffwood home to Defendant to inform the association that the Cliffwood home was operating as a group home, was providing services to persons with disabilities that helped ameliorate the impact of their disabilities, and was therefore not a business. Further, DRTx requested an accommodation under the Fair Housing Act that Defendant waive any business restriction even if Defendant continued to insist the Cliffwood home was operating as a business. DRTx also disputed the claim that there was a nuisance and requested reliable evidence that supported that claim.

---

[2] Disability Rights Texas ("DRTx,"), formerly Advocacy, Inc. DRTx, was created in 1977. DRTx was designated by the then Governor of Texas to protect and advocate for the rights of persons with disabilities pursuant to Congress establishing a national Protection and Advocacy ("P&A"), wherein each state would have its own P&A. *See* Developmental Disabilities Act ("DD Act"), 42 U.S.C.A. 15041 et. seq.; the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C.A. 10801 et. seq. and the Protection and Advocacy for Individual Rights Act, 29 U.S.C.A. 794e. These Acts are known collectively as the federal protection and advocacy statutes or the federal P&A statutes. *See Disability Rights Wisconsin v. State of Wisconsin State of Public Instructions*, 463 F.3d 719, 722-723 (7th Cir. 2006). "The federal P&A statutes, which Congress enacted after concluding that state systems for protecting the rights of individuals with disabilities varied widely and were in many cases inadequate, condition federal funding for each state on the establishment of an effective protection and advocacy system for individuals with mental illness or physical disabilities." *Id.* citing 42 U.S.C. §§ 15001, 15041, 15043; 42 U.S.C. §§ 10801(a)(1)-(4), 10803, 10805; 29 U.S.C. §§ 794e(a)(1); 794e(f).

## V. **CLAIMS FOR RELIEF: VIOLATION OF THE FAIR HOUSING ACT**

21. The allegations listed in paragraphs 1-20 above are incorporated herein by reference.

22. The Cliffwood home is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

23. Plaintiff Isaac Stinson is a persons with disabilities within the meaning of 42 U.S.C. § 3602(h).[3]

24. Defendant's actions described above constitute:

   a. discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the FHA, 42 U.S.C § 3604(f)(1);

   b. discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2);

   c. acquiescing and tolerating discriminatory conduct on the basis of disability in violation of the FHA, 42 U.S.C §§ 3604(f)(1) and (f)(2);

   d. a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B);

   e. making requests for accommodations in rules, policies, practices, or services would be futile under 42 U.S.C. § 3604(f)(3)(B); and

---

[3] *See* n.1 above.

  f. making, printing, or publishing a statement with respect to the sale or rental of a dwelling that indicates a preference limitation or discrimination based upon disability 42 U.S.C. § 3604(c); and

  g. intimidating, threatening, or interfering with the exercise or enjoyment of any right protected by 42 U.S.C. § 3604, 42 U.S.C. § 3617.

25. As a result of Defendant's conduct, Plaintiffs are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries as a result of Defendant's actions.

26. Defendant's discriminatory actions were and are intentional, willful, and taken in wanton disregard of the rights of the Plaintiffs.

## VI. RELIEF REQUESTED

27. The Court has jurisdiction to enter injunctive, declaratory, and monetary relief. 42 U.S.C. § 3613(c).

28. WHEREFORE, Plaintiffs pray that the Court enter an ORDER:

a. Declaring that the Defendant's actions violate the Fair Housing Act and its implementing regulations;

b. Enjoining Defendant from discriminating against Plaintiffs in its illegal and invalid interpretation of its conditions and covenants;

c. Enjoining the Defendant, its officers, employees, agents, successors and all other persons in active concert or participation with it, from enforcing the Defendant's restrictive covenant or conditions pertaining to the Cliffwood home's operation as a group home, specifically that it is a business, that it is not a single family residence, and that it is a nuisance;

d. Ordering the Defendant to grant the reasonable accommodation request made by Co-Plaintiffs;

e. Ordering that key personnel of the Defendant to undergo FHA training;

f. Ordering the Defendant to take all affirmative steps to ensure its compliance with the FHA, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful housing practices as described herein;

g. Ordering the Defendant to adopt procedures to handle requests for accommodations and modifications pursuant to the FHA;

h. Ordering the Defendant to take all affirmative steps to restore, as nearly as practicable, Plaintiffs to the position they would have been in but for the Defendant's discriminatory conduct;

i. Awarding monetary damages, pursuant to the FHA, 42 U.S.C. § 3613(c)(1), and, and its implementing regulation, 28 C.F.R. Part 35, to Plaintiffs; and

j. Awarding attorney fees and costs, pursuant to the FHA, 42 U.S.C. § 3613(c)(2).

Plaintiffs further pray for such additional relief as the interests of justice may require.

        Respectfully submitted,

        *s/ Mark Whitburn*
        Mark Whitburn
        Texas Bar No. 24042144
        Sean Pevsner
        Texas Bar No. 24079130
        Whitburn & Pevsner, PLLC
        2000 E. Lamar Blvd., Suite 600
        Arlington, Texas 76006
        Tel: (817) 672-5453
        Fax: (817) 672-5326
        mwhitburn@whitburnpevsner.com

*Attorneys for Plaintiff
Manju Mani*

*s/ Rachel B. Cohen-Miller*
RACHEL B. COHEN-MILLER
TX State Bar No. 24064301
DISABILITY RIGHTS TEXAS
1420 Mockingbird Lane, Suite 450
Dallas, Texas 75247
(214) 845-4069 (Phone)
(214) 630-3472 (Fax)
rmiller@drtx.org

CHRISTOPHER P. MCGREAL
TX State Bar No. 24051774
DISABILITY RIGHTS TEXAS
1420 Mockingbird Lane, Suite 450
Dallas, Texas 75247
(214) 845-4056 (Phone)
(214) 630-3472 (Fax)
cmcgreal@drtx.org

SEAN A. JACKSON
State Bar No. 24057550
Disability Rights Texas
1500 McGowen, Suite 100
Houston, TX 77004
713-974-7691 ext. 2820 (Phone)
713-974-7695 (Fax)
sjackson@drtx.org

*Attorneys for Co-Plaintiff
Isaac Stinson*